UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**JEANNETTE CAMAYD,**

    **Plaintiff,**                                          Civil Action No. 17-24538-Civ-Scola

v.

**UNITED AUTO CREDIT CORPORATION,**

    **Defendant.**
_____/

## DEFENDANT UNITED AUTO CREDIT CORPORATION'S MOTION FOR SUMMARY JUDGMENT INCLUDING STATEMENT OF MATERIAL FACTS

Defendant, UNITED AUTO CREDIT CORPORATION (hereinafter "UACC" or "Defendant"), by and through undersigned counsel, and pursuant to Rule 56 of the Federal Rules of Civil Procedure, respectfully moves this Court to enter summary judgment in Defendant's favor and against Plaintiff on Plaintiff's claims for violation of the Telephone Consumer Protection Act (Counts I and II) on the grounds that there is no genuine dispute as to any material fact and the movant/Defendant is entitled to judgment as a matter of law. In support of this Motion, Defendant submits its supporting Affidavit, a copy of which is attached hereto as Exhibit "A." The grounds supporting this Motion are more fully set forth below.

### STATEMENT OF MATERIAL FACTS

1. Plaintiff JEANETTE CAMAYD ("Plaintiff") sues Defendant in a two count Complaint alleging violation of the Telephone Consumer Protection Act (Counts I and II).

2. Plaintiff alleges that her cellular telephone number at all relevant times was XXX-XXX-0323 ("subject telephone number"). See Complaint, ¶17.

3.      Plaintiff alleges that in October 2016, Defendant called Plaintiff's cellular telephone number using an automatic telephone dialing system and without Plaintiff's prior express consent.  See Complaint.

4.      Defendant made only one telephone call to the subject telephone number using LiveVox Manual.[1]  See Defendant's Affidavit, ¶7.

5.      LiveVox Manual requires an agent to manually input a ten digit phone number onto a keypad, then click a button to launch the call; and the same agent handles the call.  See Defendant's Affidavit, ¶6.

6.      The aforementioned telephone call was not made using an artificial or prerecorded voice.  See Defendant's Affidavit, ¶8.

7.      Defendant did not make any autodialed calls to the subject telephone number.  See Defendant's Affidavit, ¶10.

8.      On or about March 2, 2018, Plaintiff served a Subpoena to cellular telephone carrier Tracfone Wireless, Inc. for all documents that demonstrate or display inbound calls and text messages related to the subject telephone number between August 1, 2016 and November 30, 2016 ("Subpoena").  Plaintiff's Subpoena specifies that the documents should include all call detail records, including but not limited to telephone calls that were unanswered.  Plaintiff provided to Defendant the telephone records produced to Plaintiff in response to the Subpoena. Defendant thereafter reviewed the Tracfone records which reflect no telephone calls from Defendant.  More specifically,

---

[1] Plaintiff has not yet shown that the subject telephone number is registered to her and that she was a subscriber during the relevant timeframe.  In the event Plaintiff does not show that the subject telephone number is registered to her and that she was a subscriber during the relevant time period, Defendant is entitled to summary judgment.

Defendant assembled a list of all of Defendant's telephone numbers ("Defendant's telephone numbers") and searched the Tracfone records for any of Defendant's telephone numbers; which search reveals no telephone calls from Defendant. See Defendant's Affidavit, ¶9.

9. LiveVox provides hosted contact center services, meaning that it hosts the hardware and software for its outbound dialing systems at its own data centers. Defendant accessed the software through a secure online portal. Defendant did not install any LiveVox system on its own computers. See Defendant's Affidavit, ¶11.

10. The LiveVox Manual service is standalone. All LiveVox Manual calls are routed through a set of servers exclusively dedicated to LiveVox Manual calls. The Manual servers cannot launch automated calls. See Defendant's Affidavit, ¶12.

11. LiveVox Manual does not offer artificial or prerecorded messages. See Defendant's Affidavit, ¶13.

## **MEMORANDUM OF LAW**

### **Summary Judgment Standard**

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Hickson Corp. v. N. Crossarm Co.,* 357 F.3d 1256, 1260 (11th Cir. 2004). "A nonmoving party, opposing a motion for summary judgment supported by affidavits cannot meet the burden of coming forth with relevant competent evidence by simply relying on legal conclusions or evidence which would be inadmissible at trial." *Avirgan v. Hull*, 932 F.2d 1572, 1577 (11th Cir. 1991).

I. **Defendant is Entitled to Summary Judgment Because Defendant Did Not Call Plaintiff Using a Requisite Automatic Telephone Dialing System**

To make a claim under the TCPA, a plaintiff must show that "(1) a call was made to a cell or wireless phone, (2) by the use of any automatic dialing system or an artificial or prerecorded voice, and (3) without prior express consent of the called party." *Ferrer v. Bayview Loan Servicing, LLC*, 2018 U.S. Dist. LEXIS 12600 (Jan. 25, 2018), citing *Augustin v. Santander Consumer USA, Inc.*, 43 F.Supp.3d 1251, 1253 (M.D. Fla. 2012). As this Court has properly noted, the TCPA defines an ATDS as equipment that has the capacity to store or produce telephone numbers to be called using a random or sequential number generator *and* dial the stored numbers. *Ferrer*, citing 47 U.S.C. §227(a)(1) (emphasis in original); *Martin v. Allied Interstate, LLC*, 192 F.Supp.3d 1296, *1308 (S.D. Fla. June 16, 2016) (emphasis in original); *Schlusselberg v. Receivables Performance Mgmt.*, 2017 U.S. Dist. LEXIS 100710 (N.J. June 29, 2017) ("[u]nder the statute, an ATDS is equipment that possesses both of the following capabilities: '(A) to store or produce telephone numbers to be called, using a random or sequential number generator; **and** (B) to dial such numbers' 47 U.S.C. § 227(a)(1)") (emphasis in original).

As the Federal Communications Commission ("FCC") and federal courts have interpreted the term, autodialers include devices which automatically call numbers from a pre-programmed list, and "predictive dialers," which automatically call numbers from a list and automatically connect the calls with an available agent. *Pozo v. Stellar Recovery Agency, Inc.*, 2016 U.S. Dist. LEXIS 146432, *8 (M.D. Fla. Sept. 2, 2016), citing *Lardner v. Diversified Consultants Inc.*, 17 F.Supp.3d 1215, 1222-23 (S.D. Fla. 2014) and *Legg v. Voice Media Group, Inc.*, 20 F.Supp.3d 1370, 1375 (S.D. Fla. 2014). Ultimately, "the key

4

feature of an ATDS is the capacity to dial numbers without human intervention." *Pozo* at *9, citing *Wilcox v. Green Tree Servicing, LLC*, No. 8:14-cv-1681-T-24 TGW, 2015 U.S. Dist. LEXIS 58667, 2015 WL 2092671, at *5 (M.D. Fla. May 5, 2015). Dialing systems which require an agent to manually initiate calls do not qualify as autodialers under the TCPA. *Pozo* at *9, citing *Carlisle v. Green Tree Servicing, Inc.*, 1:15-CV-2332-TWT, 2016 U.S. Dist. LEXIS 97818, 2016 WL 4011238, at *1 (N.D. Ga. July 27, 2016), *Martin v. Allied Interstate, LLC*, 15-61140-CIV, 192 F.Supp.3d 1296, 2016 U.S. Dist. LEXIS 146811, 2016 WL 3619684, at *9 (S.D. Fla. June 17, 2016) and *Dennis v. Regl'l Adjustment Bureau, Inc.*, 09-6494-CIV, 2010 U.S. Dist. LEXIS 144776, 2010 WL 3359369, at *3 (S.D. Fla. July 7, 2010).

It is further notable that dialing systems which require agents to use an electronic "point and click" function to initiate calls are not autodialers because human intervention is required to initiate the calls. *Pozo* at *9, citing *Jenkins v. mGage, LLC*, 1:14-CV-2791-WSD, 2016 U.S. Dist. LEXIS 106769, 2016 WL 4263937, at *1, 7 (N.D. Ga. Aug. 12, 2016), *Estrella v. LTD Fin. Servs., LP*, 8:14-CV-2624-T-27AEP, 2015 U.S. Dist. LEXIS 148249, 2015 WL 6742062, at *3 (M.D. Fla. Nov. 2, 2015), *Gaza v. LTD Fin. Servs., L.P.*, 8:14-CV-1012-T-30JSS, 2015 U.S. Dist. LEXIS 111751, 2015 WL 5009741, at *1, 4 (M.D. Fla. Aug. 24, 2015), *Wilcox*, 2015 U.S. Dist. LEXIS 58667, 2015 WL 2092671, at *5, *Modica v. Green Tree Servicing, LLC*, 2015 U.S. Dist. LEXIS 55751, 2015 WL 1943222, at *3 (N.D. Ill. Apr. 29, 2015) and *Gragg v. Orange Cab Co.*, 995 F.Supp.2d 1189, 1193-94 (W.D. Wash. 2014).

*Pozo* further notes the case of *Strauss v. CBE Group, Inc.*, 15-62026-CIV, 173 F.Supp.3d 1302, 2016 U.S. Dist. LEXIS 45085, 2016 WL 1273913 (S.D. Fla. Mar. 28,

5

2016). The *Strauss* court examined a telephone dialing system which required the representative to "click[] to initiate a call." *Pozo* at *11, citing *Strauss* at *4. The system was not capable of making automated calls, did not dial predictively, and did not use a random or sequential number generator. *Pozo* at *11, citing *Strauss*. The *Strauss* court granted summary judgment in favor of the defendant, noting that "human intervention is essential at the point and time that the number is dialed." *Pozo* at *11, citing *Strauss*.[2]

In this case, UACC made only one telephone call to the subject telephone number using LiveVox Manual. LiveVox Manual requires an agent to manually input a ten digit phone number onto a keypad, then click a button to launch the call; and the same agent handles the call. UACC did not otherwise make any autodialed calls to the subject telephone number. In short, Defendant did not employ an autodialer. *Pozo* at *16. Because Defendant did not make autodialed calls, Defendant cannot be liable under the TCPA. *Pozo; Ferrer; Martin; Schlusselberg; Strauss*.

---

[2] It is notable that the LiveVox Human Call Initiator system --- which requires *less* human intervention than LiveVox Manual --- is not an automatic telephone dialing system under the TCPA. *Pozo v. Stellar Recovery Agency, Inc.*, 2016 U.S. Dist. LEXIS 146432 (M.D. Fla. Sept. 2, 2016) ("[i]n sum, because Stellar's [Human Call Initiator] system required its representatives to manually dial all calls and was not capable of making any calls without human intervention, Stellar did not employ an autodialer…[b]ecause Stellar did not make autodialed calls, Stellar cannot be liable under the TCPA"); *Arora v. Transworld Sys.*, 2017 U.S. Dist. LEXIS 135240 (N.D. Ill. Aug. 23, 2017) ("every call made using the Human Call Initiator requires direct human intervention to initiate…[t]herefore this Court, like the previous Courts who have considered this technology, finds that the Human Call Initiator system does not constitute an autodialer"); *Schlusselberg v. Receivables Performance Mgmt.*, 2017 U.S. Dist. LEXIS 100710 (N.J. June 29, 2017) ("[a]ccordingly, because Defendant's HCI system is not an autodialer for the purposes of TCPA, summary judgment is granted in favor of Defendant"); see also *Smith v. Stellar Recovery, Inc.*, 2017 U.S. Dist. LEXIS 35067 (E.D. Mich. Mar. 13, 2017) ("the HCI system is characterized by one key factor that separates it from autodialers: it requires human intervention – the clicker agent – to launch an outgoing call").

## II. Plaintiff Lacks Article III Standing

Standing consists of three elements: the plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. *Spokeo v. Robins*, 136 S.Ct. 1540 (2016), citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements. *Spokeo* at 1547, citing *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231, 110 S.Ct. 596, 107 L.Ed.2d 603 (1990). To establish injury in fact, a plaintiff must show that he or she suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Spokeo* at 1548, citing *Lujan*, 504 U.S., at 560, 112 S.Ct. 2130, 119 L.Ed.2d 351.

For an injury to be "particularized," it "must affect the plaintiff in a personal and individual way." *Spokeo* at 1548, citing *Lujan*, n.1, 112 S.Ct. 2130, 119 L.Ed.2d 351. And a "concrete" injury must actually exist. *Spokeo* at 1548 ("[w]hen we have used the adjective "concrete," we have meant to convey the usual meaning of the term – 'real,' and not 'abstract'"). Article III standing requires a concrete injury even in the context of a statutory violation. *Spokeo* at 1549. "For that reason…a bare procedural violation, divorced from any concrete harm, [does not] satisfy the injury-in-fact requirement of Article III. *Id*.

In this case, for the reasons set forth in Section I. above, Plaintiff did not suffer an invasion of a legally protected interest. By the same token, Plaintiff did not suffer any invasion that is "concrete and particularized." For these reasons, Plaintiff lacks Article III standing and Defendant is entitled to judgment in its favor.

WHEREFORE, Defendant UNITED AUTO CREDIT CORPORATION respectfully requests that the Court grant this Motion for Summary Judgment; enter judgment in Defendant's favor on Plaintiff's claims; and grant such other and further relief as the Court deems proper.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true copy hereof has been furnished via email to Max Story, Esquire, at max@storylawgroup.com and Keith James Keogh, Esquire at Keith@Keoghlaw.com, mseckel@keoghlaw.com, and rwollenschlager@keoghlaw.com this 21st day of May 2018.

**KILLGORE, PEARLMAN, SEMANIE,
DENIUS & SQUIRES, P.A.**
2 South Orange Avenue, 5th Floor
Orlando, Florida 32801
Telephone: (407) 425-1020
Facsimile: (407) 839-3635

/s/ William J. Denius
William J. Denius
Florida Bar No. 0093637
Michael L. Semanie
Florida Bar No. 85386
Aaron M. Hines
Florida Bar No. 81690
Counsel for Defendant
wjdenius@kpsds.com
msemanie@kpsds.com
ahines@kpsds.com
cschlitt@kpsds.com
kyeager@kpsds.com