UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-24538-CV-SCOLA/TORRES

JEANETTE CAMAYD,

       Plaintiff,

v.

UNITED AUTO CREDIT CORPORATION,

       Defendant.

_____/

**REPORT AND RECOMMENDATION ON
<u>DEFENDANT'S MOTION FOR SUMMARY JUDGMENT</u>**

The matter currently before the Court is a Motion for Summary Judgment filed by Defendant UNITED AUTO CREDIT CORPORATION ("Defendant" or "UACC") on May 21, 2018. [D.E. 14]. Plaintiff JEANETTE CAMAYD ("Plaintiff" or "Camayd") filed her Response in Opposition on June 6, 2018. [D.E. 23]. The Honorable Judge Robert N. Scola referred the matter to the undersigned on August 6, 2018, and following our review of the record and the legal authorities governing the dispute, we hereby **RECOMMEND** that the Motion be **DENIED**.

### I.    FACTUAL BACKGROUND

In 1991, Congress passed the Telephone Consumer Protection Act ("TCPA") to "address the growing number of consumer complaints" about "robocalls," or calls made with automated telephonic technology. *See In re Dialing Services LLC*, 29 FCC Rcd. 5537, 5537-38 (2014). To that end, the TCPA makes it unlawful for any person

"to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice" to any telephone number assigned by a "cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii). This case hinges on Defendant's contention that certain calls made to Plaintiff in 2016 were not placed using an automatic telephonic dialing system, which would remove it from the ambit of the protections afforded consumers by the TCPA.

The facts are straightforward: Plaintiff alleges that in September or October of 2016, she received several phone calls from Defendant concerning a debt allegedly owed by Plaintiff's father. [D.E. 1, ¶¶ 19-20]. Plaintiff contends that she never gave consent to receive these calls and repeatedly requested that Defendant stop calling her, to no avail. *Id.*, ¶ 22-23. According to the Complaint, Defendant continued placing calls to Plaintiff's cell phone using an automated dialing system ("ATDS"), which violated the provisions of the TCPA.

Defendant now moves for summary judgment, arguing that the system used to place calls to Plaintiff's cell phone cannot be considered an ATDS. [D.E. 14]. Defendant's only support for such a claim is a declaration submitted from Carey Kaufman, the "Director of Servicing, Operations and Analytics" for UACC. [D.E. 14-1]. In that declaration, Kaufman asserts the following: (1) Defendant utilized a service known as "the LiveVox human-initiated service and outbound dialing system," which he refers to as "LiveVox Manual" [D.E. 14-1, ¶ 5]; (2) LiveVox Manual requires an agent to manually input phone numbers into a dialing system and "click

2

a button to launch the call," *id*. at ¶ 6; (3) that the only call placed to Plaintiff at UACC's direction used the LiveVox Manual system; and (4) the call at issue did not utilize an ATDS or an artificial, pre-recorded voice. *Id*., ¶¶ 8, 12. Defendant claims that these facts definitively establish that the TCPA does not apply and it should therefore be entitled to judgment as a matter of law. [D.E. 14, pp. 4-6].

Plaintiff opposes Defendant's Motion, arguing that there are several issues of fact that should preclude entry of summary judgment in UACC's favor. [D.E. 23]. First, Plaintiff contends that she requires additional time to conduct discovery on the issue of whether the LiveVox system utilized by Defendant qualifies as an ATDS. *Id*., pp. 10-12. Second, she argues that Defendant's Motion ignores two additional calls made to her cell phone, none of which Defendant established had been placed using the LiveVox Manual dialing system. *Id*., p. 15. Third, Plaintiff argues that UACC failed to meet its burden in showing that the LiveVox system placed calls through the acts of an individual and in the manner described in the declaration. *Id*., pp. 15-16.

We agree with Plaintiff and find that there are factual issues that preclude summary judgment. For this reason, we recommend that Defendant's Motion be denied.

## II.   LEGAL STANDARD

Summary judgment is proper if, following discovery, the pleadings, depositions, answers to interrogatories, affidavits and admissions on file show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a), (b); *Celotex Corp. v. Catrett*, 477

3

U.S. 317, 322 (1986). An issue of fact is "material" if, "under the applicable substantive law, it might affect the outcome of the case." *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259-60 (11th Cir. 2004). An issue of fact is "genuine" if "the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Id.* at 1260. All the evidence and any factual inferences reasonably drawn from the evidence must be viewed in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Jackson v. Bellsouth Telecomms.*, 372 F.3d 1250, 1280 (11th Cir. 2004).

Once a party moves for summary judgment, the non-moving party must go beyond the pleadings and designate specific facts show that the record contains a genuine issue for trial. *Celotex*, 477 U.S. at 323-24. The non-movant's evidence must be significantly probative to support his or her claims. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). In ruling on summary judgment, we must not weigh the evidence or make our own findings of fact. *Id.* at 249; *Morrison v. Amway Corp.*, 323 F.3d 920, 924 (11th Cir. 2003). Instead, our role is limited to deciding whether there is sufficient evidence upon which a reasonable juror could find for the non-moving party. *Anderson*, 477 U.S. at 249; *see also Bannum, Inc. v. City of Fort Lauderdale*, 901 F.2d 989, 996 (11th Cir. 1990) ("If more than one inference could be construed from the facts by a reasonable fact finder, and that inference introduces a genuine issue of material fact, then the district court should not grant summary judgment.").

### *III.   ANALYSIS*

The Motion should be denied for three separate reasons. First, we find that there is a genuine issue of material fact as to how many calls were placed by UACC to Plaintiff's cell phone, and whether those calls were made using an automated dialing system. Defendant contends that it made only a single call to Plaintiff. *See* D.E. 14-1, ¶ 7. Plaintiff, on the other hand, claims that subpoenaed records from her wireless provider show that two additional calls were made by Defendant to her phone. *See* D.E. 23, p. 13; D.E. 23-4, p. 2. Defendant's affidavit – the sole piece of evidence it submits in support of its Motion – does not rebut Plaintiff's claim about the two additional calls, and the record likewise fails to reflect whether or not those calls were made using LiveVox Manual or some other dialing system. Based on this conflicting evidence, we are unable to make a determination as to the accuracy of Defendant's contentions concerning the number of calls placed and the systems used for each call, and so the Motion should be denied.

Second, we are not convinced that Kaufman's declaration about the LiveVox system at issue is based on personal knowledge. *See* Fed. R. Civ. P. 56(c)(4) (affidavits or declarations used to support a motion for summary judgment must be made on personal knowledge and show the affiant is competent to testify on the matters stated). Many of the statements contained in the declaration concern the LiveVox system purportedly used by Defendant to place calls such as those made to Plaintiff; but Kaufman is not a LiveVox employee, and the record does not categorically show

that he bears the relevant knowledge to speak on its behalf concerning its dialing systems.

Further, many of the statements included in Kaufman's declaration are entirely unsupported. For example, he declares that he reviewed telephone records and found that "UACC made only one telephone call to the [Plaintiff's] telephone number," but does not attach those records and fails to support his claim with citations to any other evidence. Kaufman then concludes that this review allowed him to determine "that the subject call was made using LiveVox Manual." [D.E. 14-1, ¶ 7]. But he does not say how he reached this determination, and once against fails to cite to or provide any materials that might allow us to gauge the accuracy of his statement. And as stated above, Kaufman is not a LiveVox employee. Without more, we fail to see how his position within *UACC's* operations and analytics group would allow him to make the wholesale claims about *LiveVox's* systems. In our view, the declaration is replete with conclusory statements lacking any support in the record, and so Kaufman's statements fall well short of establishing UACC's entitlement to judgement as a matter of law.[1]

Third, the Motion should be denied because our review of cases dealing with LiveVox products show that in many instances the company's systems were found to meet the definition of an ATDS as prohibited by the TCPA. *See Lardner v. Diversified*

---

[1] Our conclusion is further bolstered by the fact that Plaintiff proffered credible evidence that (1) casts doubt on whether LiveVox even offers the system known as "Manual" that Kaufman describes in his declaration, and (2) shows LiveVox advertisements for products involving "automated services" that could conceivably fall within the definition of automated dialing systems as contemplated by the TCPA.

*Consultants, Inc.*, 17 F. Supp. 3d 1215, 1222-23 (S.D. Fla. 2014) (finding LiveVox system "qualifies as an ATDS under the statute because it automatically dials telephone numbers from a preprogrammed list."); *Brown v. Account Control Technology, Inc.*, 2015 WL 11181947, at *3 (S.D. Fla. Jan. 16, 2015) ("[T]he evidence shows that LiveVox is a predictive dialing system…Therefore, the Court rejects Defendant's assertion that there was no automatic telephone dialing system and finds that Defendants did utilize an [ATDS] as contemplated by the TCPA."); *Cabrera v. GEICO*, 2014 WL 11881002, at *3 (S.D. Fla. Nov. 26, 2014) (denying defendant's motion for summary judgment because questions of fact remained over whether the LiveVox system at issue constituted ATDS); *Smith v. Markone Financial, LLC*, 2015 WL 419005, at *3 (S.D. Fla. Feb. 2, 2015) ("As the LiveVox system automatically dials numbers from a downloaded list and predicts when a collection agent will be available to pick up the call, it is a predictive dialer and an ATDS."); *Bianchi v. Bronson & Migliaccio, LLP*, Case No. 09-CV-61164, D.E. 59 at 5 ("The undisputed evidence in this case shows that LiveVox is a fully-automated dialing service, which calls debtors without any human intervention[.]").

Defendant filed its Motion well before the discovery cutoff, thereby depriving Plaintiff of an opportunity to fully investigate the features of the LiveVox system utilized by Defendant here. Based on the many cases finding that LiveVox indeed can and should be considered an ATDS, we will not determine the issue without allowing Plaintiff to conduct full, rigorous discovery into the LiveVox system used by

Defendant, and whether the LiveVox "Manual" program was indeed the product used to place calls to Plaintiff's cell phone.

In the end, and following our review of this record, we find that Defendant has not come close to meeting its burden in establishing it is entitled to judgment as a matter of law. We are unable to determine if the LiveVox Manual system is as Kaufman describes – or whether it exists at all; we cannot be sure of how many calls were placed by Defendant to Camayd's telephone, or whether those calls were human-initiated; and we are unpersuaded that Kaufman bears the requisite personal knowledge to speak on behalf of LiveVox concerning its operating systems, and the utilization of those systems with regard to the calls made to Plaintiff. The record before us is replete with factual conflict, which is understandable given Defendant's demonstrated unwillingness to engage in discovery until its Motion is decided. This will no longer be an issue, as the Motion should be denied.

### IV. CONCLUSION

For the reasons stated herein, we find that Defendant's Motion should be **DENIED**. Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the Honorable Robert N. Scola, United States District Judge. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report.

28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND ORDERED** in Chambers at Miami, Florida, this 7th day of November, 2018.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge