United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Jeanette Camayd, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 17-24538-Civ-Scola |
| United Auto Credit Corporation, | ) |
| Defendant. | ) |
| | ) |

**Opinion Order on Defendant's Objection to Report
and Recommendation on Motion for Summary Judgment**

Plaintiff Jeanette Camayd ("Camayd") asserts two counts under the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 *et seq.* ("TCPA"), on behalf of herself and a putative class of like individuals arising from the certain unconsented calls made to her by Defendant United Auto Credit Corporation ("UACC").

UACC filed a motion for summary judgment early in discovery, raising two arguments: (1) that UACC placed one call to Camayd through a "LiveVox" calling system that does not qualify as an automatic telephone dialing system ("ATDS"), as is required to sustain the TCPA claims, and (2) that Camayd lacked Article III standing. (the "Motion," ECF No. 14.) The Court referred the Motion to Magistrate Judge Edwin G. Torres for a report and recommendation. (ECF No. 29.) On November 7, 2018, Judge Torres issued a report recommending the Motion be denied, ultimately finding that UACC "ha[d] not come close to meeting its burden in establishing it is entitled to judgment as a matter of law." (the "R&R," ECF No. 42 at p. 8.)

Now before the Court is an objection to the R&R filed by UACC. (the "Objection," ECF No. 44.) Having reviewed the R&R, the Objection, Camayd's response (ECF No. 49), the Motion and accompanying submissions (ECF Nos. 14, 23, 25) and the applicable law, the Court **overrules** the Objection (ECF No. 44), **adopts** the R&R (ECF No. 42) in full and **denies** the Motion (ECF No. 14), as follows.

1. **The Objection**

In the R&R, Judge Torres recommended that the Motion be denied on three grounds: (1) that a genuine dispute of fact exists as to the number of calls placed by UACC to Camayd's cell phone, and whether two additional calls identified by Camayd were placed through an ATDS (ECF No. 42 at p. 5); (2)

that the affidavit of Carey Kauffman ("Kauffman"), a director of UACC, which was the only evidence attached to the Motion, failed to satisfy Fed. R. Civ. P. 56(c)(4), (*id.* at pp. 5-6); and (3) that the timing of the Motion deprived Camayd of the ability to seek discovery of the LiveVox calling system, resulting in an incomplete and insufficient record to determine if that system qualifies as an ATDS, (*id.* at pp. 6-8).

UACC objects to the R&R and argues: (1) that the R&R did not account for UACC's reply brief and the additional evidentiary materials attached to that filing, which UACC claims dispels every dispute of material fact identified by Judge Torres, (ECF No. 44 at pp. 2-4); (2) that a sufficient evidentiary record exists to find the LiveVox system was not an ATDS, (*id.* at pp. 5-6); (3) that Kauffman's declaration is based on personal knowledge and is proper summary judgment evidence, (*id.* at pp. 6-8); and (4) that no dispute of fact exists as to the number of calls UACC placed to Camayd's phone, (*id.* at pp. 8-10).

## 2. **Legal Standard**

"In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)(alterations omitted)). The objections must also present "supporting legal authority." Local Mag. J. R. 4(b). Once a district court receives "objections meeting the specificity requirement set out above," it must "make a de novo determination of those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." *Macort*, 208 F. App'x at 783–84 (quoting *Heath*, 863 F.2d at 822) (alterations omitted). To the extent a party fails to object to parts of the magistrate judge's report, those portions are reviewed for clear error. *Macort*, 208 F. App'x at 784 (quoting *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999)). A court, in its discretion, need not consider arguments that were not, in the first instance, presented to the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009).

## 3. **The Objection is Overruled**

The Court overrules the Objection. Procedurally, the Court has no obligation to consider the new argument and evidence attached UACC's reply brief, (ECF No. 25), to which Camayd had no opportunity to respond. *See Tafel v. Lion Antique Invs. & Consulting Servs.*, 459 F. App'x 847, 849 (11th Cir.

2012) (holding that "[t]he district court had no obligation to consider an argument raised for the first time in the reply brief"); *Powell v. Carey Int'l, Inc.*, 490 F. Supp. 2d 1202, 1206 n. 4 (S.D. Fla. 2006) (Seitz, J.) (stating that "the Court cannot consider new arguments raised for the first time in a reply brief."); *Vitola v. Paramount Automated Food Servs., Inc.*, No. 08-61849-CIV, 2009 WL 3242011, at *12 (S.D. Fla. Oct. 6, 2009) (O'Sullivan, Mag J.) (holding the same). Nonetheless, even if Camayd could have responded, it would not likely have been meaningful due to UACC's "demonstrated unwillingness to engage in discovery" at the time the Motion was briefed. (ECF No. 32 at p. 8.) That alone is a sufficient reason to deny the Motion. *See* Fed. R. Civ. P. 56(d)(1) ("If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may defer considering the motion or deny it"); (ECF No. 23-1 (declaration of counsel attesting to an inability to present facts due to UACC's refusal to meaningfully engage in discovery).)

Substantively, the affidavit evidence attached to UACC's reply (ECF No. 25 at pp. 9-21) fails to resolve the disputes of material fact identified in the R&R. In its Motion, UACC claims that it placed one call to Camayd using the LiveVox system, which it argues is not an ATDS and, thus, cannot support liability under the TCPA. (ECF No. 14.) But UACC has not rebutted or even explained why its own records show that it made two additional and unaccounted for calls to Camayd's phone. (*See* ECF Nos. 23-4, 44 at pp. 9-10.) So, even if the Court found that the LiveVox system is not an ATDS (which it does not), there would still be a dispute of material fact regarding what dialing system was used for the two other calls and whether that system is an ATDS. Put differently, UACC's additional evidence does not entitle it to summary judgment.

### 4. Conclusion

In sum, the Court **overrules** the Objection (ECF No. 44), **adopts** the R&R (ECF No. 42) in full and **denies** the Motion (ECF No. 14).

**Done and ordered**, in Chambers, in Miami, Florida, on January 3, 2019.

Robert N. Scola, Jr.
United States District Judge